**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DAVID HARTLAND,**

**Petitioner,**

**Civil No. 00-2158 (DWF/SRN)**

**v.**

**REPORT AND RECOMMENDATION**

**CONSTANCE REESE, Warden,**[1]

**Respondent.**

---

Petitioner Hartland is pro se.

Richard Newberry, Esq., Assistant United States Attorney, on behalf of Respondents.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner David Hartland's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. This matter has been referred to the

---

[1] At the Respondents' request, the caption is amended to include only Constance Reese, Warden of FMC-Rochester, as the proper party Respondent in this matter. Kathleen Hawk, Director of the Federal Bureau of Prisons, is not a proper Respondent in a 28 U.S.C. 2241 petition for writ of habeas corpus. See Discussion infra.

FILED MAY 0 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

undersigned for report and recommendation pursuant to the provisions of Title 28 U.S.C. §636 and Local Rule 72.1.

For the reasons set forth below, this Court recommends that Mr. Hartland's Petition for Writ of Habeas Corpus be denied with prejudice.

## I. Factual and Procedural History

On December 15, 1994, in the United States District Court for the District of Minnesota before the Honorable Paul A. Magnuson, Chief Judge, Petitioner David Hartland pled guilty to the charge of Aiding and Abetting Stealing Guns from a Gun Dealer [2], in violation of Title 18 United States Code Section 922(u) and 2 (Count 2 of the six-count Indictment). See Declaration of Alicia Vasquez, Attachment B, Presentence Investigation Report at page F.1. On April 7, 1995, Chief Judge Magnuson sentenced Petitioner Hartland to a 110-month prison term, followed by three years supervised release. See Vasquez Decl., Attachment A, Judgment in a Criminal Case. Petitioner Hartland currently has a projected release date of September 15, 2002, via Good Conduct Time Release. See Vasquez Decl., Attachment C, Sentence Monitoring Computation Data as of 10/5/2000.

Pertinent to Mr. Hartland's habeas petition, Respondent Reese

---

[2] Hartland was involved in the theft of 23 guns from the Gander Mountain sporting goods store in Duluth, Minnesota.

represents that Bureau of Prisons (BOP) staff evaluated Petitioner Hartland for early release under Program Statement 5162.04, and determined that Hartland's 1989 conviction for Second Degree Assault in Mahnomen County District Court in Mahnomen, Minnesota, was a "crime of violence," which made Hartland ineligible for an 18 U.S.C. § 3621(e) early release. See Vasquez Decl., Attach. B at ¶ 39. The Respondent states that Hartland's 1989 conviction was based on the fact that he threatened an individual with a shotgun, and 18 U.S.C. § 3621(e) only allows sentence reductions for inmates who are "nonviolent." Accordingly, the BOP determined Hartland was ineligible. Hartland was notified of the BOP's determination and he signed an acknowledgment of his ineligibility for an early release under 18 U.S.C. § 3621(e), which included the BOP's reason for the determination. See Vasquez Decl., Attach. D, Provisional 3621(E) Eligibility Notice.

Thereafter, in December 1996, Petitioner Hartland, with knowledge of his ineligibility for a sentence reduction, began the Residential Drug Abuse Program (RDAP) at the Federal Correctional Institution in Oxford, Wisconsin. Mr. Hartland represents that he successfully completed the RDAP in November 1997. See Petition for Writ of Habeas Corpus, ¶ 9.

In his petition for habeas relief, David Hartland contends, in general, that the Bureau of Prisons (BOP) erroneously denied him eligibility for

a sentence reduction as permitted by 18 U.S.C. § 3621(e)(2)(B). Specifically, Mr. Hartland believes that the Discharge and Restoration to Civil Rights Certificate attached to his Petition translates into an expungement of his prior criminal record. Petitioner Hartland also asserts that because the offense he is currently serving time for is a non-violent offense, he should be eligible for the one-year sentence reduction. And finally, Petitioner Hartland claims that even if the 1989 conviction for Second Degree Assault remains part of his record and is considered by the BOP, it does not meet the Federal Bureau of Investigation (FBI) Violent Crime Control Index definition of an aggravated assault, and therefore should not preclude his eligibility under 18 U.S.C. § 3621(e)(2)(B).

The Respondent asserts that the facts and the law relevant to this case demonstrate that Petitioner Hartland is not entitled to the relief he seeks.

Respondent Reese acknowledges that Petitioner Hartland has sought and exhausted available administrative remedies with respect to the issue presented in this petition. See Vasquez Decl., Attach. E.

## II. Discussion

As an initial matter, the Respondent asserts that the only proper party Respondent in this case is Constance Reese, Warden at the Federal Medical Center - Rochester, based on the well-established principle that the only proper respondent in a habeas corpus petition under 28 U.S.C. §2241 is

the custodian of the inmate. See 28 U.S.C. §§2242, 2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 495 (1973); Blango v. Thornburgh, 942 F.2d 1487, 1492 (10th Cir. 1991); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986). And, for purposes of habeas petitions, the custodian of an inmate is the Warden of the facility where the inmate is housed. See Ex parte Endo, 323 U.S. 283,306 (1944). Accordingly, because Warden Reese is the only proper party Respondent, she requests that the Court amend the caption to include only Warden Reese as the proper Respondent. This request is granted, and the caption has been so amended.

### A. Consideration for Early Release Under 18 U.S.C. § 3621(e)

The Residential Drug Abuse Program (RDAP) is a program which has been provided by the BOP since 1990, pursuant to 18 U.S.C. § 3621(b), to assist prisoners in overcoming their substance abuse problems. Section 3621 directs the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. §3621(b). The RDAP program is "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period." 28 C.F.R. § 550.56. Participation in RDAP is

entirely voluntary and, in order to qualify for participation in the RDAP, an inmate must meet all of the following criteria:

> (1) The inmate must have a verifiable documented drug abuse problem.
>
> (2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.
>
> (3) The inmate must sign an agreement acknowledging his/her program responsibility.
>
> (4) Ordinarily, the inmate must be within thirty-six months of release.
>
> (5) The security level of the residential program institution must be appropriate for the inmate.

28 C.F.R. §550.56(a).

To encourage inmates to participate in the program, the BOP has traditionally offered a number of incentives, including financial awards, consideration for the maximum period of time at a community corrections facility, and local institution incentives such as preferred living quarters. See 28 C.F.R. § 550.57. To give inmates an additional incentive to participate in the RDAP, Congress in 1994 authorized the Director of the BOP to grant sentence reductions of up to one year for those who successfully complete the program. This authority comes from 18 U.S.C. § 3621(e)(2)(B), which provides

that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Respondent Reese submits that because the statute -- 18 U.S.C. § 3621(e)(2)(B) – failed to define a "nonviolent offense," and because the legislative history accompanying the statute gave the BOP the discretion over the implementation of the program, it was necessary for the BOP to develop criteria to determine which inmates would be eligible to receive an early release. See H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993)("[T]his subparagraph authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the Bureau of Prisons.")

Respondent states that the BOP, fulfilling its responsibility to establish criteria to administer the program, published an interim rule on May 25, 1995, implementing the provision of § 3621(e). See Fed. Reg. 53,690 (1995). This rule, codified at 28 C.F.R. § 550.58, adopted the 18 U.S.C. § 924(c)(3) definition of the term "crime of violence" with regard to an inmate's current federal offense. For past crimes which would not necessarily be federal crimes and therefore not easily classifiable, the BOP adopted a different

definition set forth in 28 C.F. R. § 550.58 which reads:

> In exercising the Bureau's discretion in reducing a sentence, the Bureau shall also review the criminal history of the inmate contained in the Presentence Investigation Report, and any inmate with a federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault shall also be excluded from consideration. Because state convictions may show a considerable range in the degree of violence used in the offense, the Bureau has chosen to use the above-cited categories of crimes, which are reported in the FBI Violent Crime Index, as the sole determinant of violence in the criminal history.

Respondent Reese points out that, in 1989, Petitioner Hartland was convicted of Second Degree Assault in Mahnomen County Court. Hartland had threatened an individual with a shotgun. See Vasquez Decl., Attach. B, Presentence Investigation Report at ¶ 39. Hartland contends that this conviction does not meet the FBI Violent Crime Control Index definition of an aggravated assault. However, Respondent Reese asserts that the FBI Uniform Crime Reports (UCR) defines aggravated assault as

> An unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault is usually accompanied by the use of a weapon or by any means likely to produce death or great bodily harm. Attempts are also included since it is not necessary that an injury result when a gun, knife, or other weapon is used which could and probably would result in serious personal injury if the crime were successfully completed.

Petitioner Hartland was convicted under Minnesota Statute § 609.222, Assault in the Second Degree, which provides punishment for anyone who "assaults another with a dangerous weapon." In Petitioner Hartland's case, the dangerous weapon was a shotgun, and the statute requires a showing of intent. See State v. Hough, 585 N.W.2d 393, 396 (Minn. 1998). Respondent Reese explains that the BOP's analysis of the UCR definition, supra, and the applicable Minnesota statute, resulted in a determination that Petitioner Hartland's prior offense was a "violent crime" which precluded his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B). See Vasquez Decl., Attach. D.

Respondent Reese asserts that courts which review the BOP's § 3621(e) determinations of "violent crimes" must defer to the Bureau's interpretation as long as it is a permissible construction of the statute. Zacher v. Tippy, 202 F.3d 1039, 1044 (8th Cir. 2000)(citing Love v. Tippy, 133 F.3d 1066, 1069 (8th Cir.), cert. denied, 524 U.S. 956 (1998) (Section 3621(e) permits BOP to include past offenses in determining whether a prisoner has been convicted only of "nonviolent offenses", and the Bureau's method for determining which past offenses are violent is a permissible interpretation of the statute). See generally, Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. et al., 467 U.S. 837 (1984).

**B. Petitioner Hartland's Expungement Argument**

Petitioner Hartland has advanced the argument that his 1989 assault conviction should not affect his eligibility for early release because he believes that he has "had [his] rights fully restored under Minnesota law for that conviction and the Eighth Circuit Court of Appeals has interpreted the statute to mean that it is as though the conviction had never taken place." See Petition at ¶ 9. Petitioner has attached to his Petition a document entitled "Certificate of Discharge and Restoration of Civil Rights" as proof that the 1989 conviction was expunged.

Respondent Reese asserts, and this Court agrees, that Petitioner Hartland's argument is based on a misreading of the Certificate of Discharge and Restoration of Civil Rights. Nowhere on the face of that document does the word expungement appear, and this document does not even apply to Mr. Hartland's 1989 assault conviction. Rather, the Certificate of Discharge and Restoration of Civil Rights states that, with regard to Mr. Hartland's conviction for theft of a motor vehicle for which he was sentenced in 1992, Hartland's civil rights are restored. Specifically, the Certificate states that Mr. Hartland "is hereby restored to all civil rights and to full citizenship, with full right to vote and hold public office, the same as if such conviction had not taken place." Even if one ignores the fact that this Certificate does not reference Mr. Hartland's 1989 assault conviction, Respondent Reese contends that

completion of a sentence and restoration of civil rights do not affect § 3621 eligibility. It is unrefutable that Petitioner's conviction for assault remains a part of his record, and was therefore appropriately considered by the BOP in determining that Petitioner is ineligible for early release.

### C. Petitioner's Current Offense

Petitioner argues that because the offense for which he is currently serving time is a non-violent offense, he should not be denied eligibility for early release.

The Respondent contends that the Director of the BOP was given discretion in determining which inmates would be eligible for early release, as set forth in 18 U.S.C. § 3621(e)(2)(B), which provides that

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

(emphasis supplied). And, in Love v. Tippy, the Eighth Circuit Court of Appeals discussed the discretionary nature of the award of time off a prisoner's sentence.

> [W]e note that § 3621(e) is discretionary. It does not require the BOP to give any prisoner a sentence reduction. Section 3621(e)(2)(B) only requires that the BOP: 1) limit its consideration for sentence reductions

> to those prisoners convicted of nonviolent offenses; and 2) limit any sentence reduction to one year or less.

133 F.3d at 1069.

The Respondent further asserts that the Director of the BOP was given discretion in determining which inmates would be eligible for early release and that discretion was enabled through the creation of codified rules which include for consideration an inmate's history, as well as his current offense. See 28 C.F.R. § 550.58; see also, Zacher v. Tippy, 202 F.3d at 1041 (Statute authorizing BOP to offer early release to prisoners convicted of a nonviolent offense who undergo drug treatment permits the BOP to include past offenses in determining whether a prisoner has been convicted only of "nonviolent offenses").

To the extent that Petitioner argues that he has a protectable liberty interest in a sentence reduction, the Respondent asserts it is evident that 18 U.S.C. § 3621(e)(2)(B) does not create a liberty interest because the statute does not grant an entitlement to a sentence reduction. Rather, Section 3621(e)(2)(B) provides that a prisoner's custody "may be reduced by the Bureau of Prisons." As such, whether an inmate is awarded early release under Section 3621(e)(2)(B) is purely a discretionary act. See Sesler v. Pitzer, 926 F.Supp. 130, 132 (D.Minn. 1996)(aff'd 110 F.3d 569 (8th Cir. 1997); Wotlin v.

Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998)(section 3621(e)(2)(B) does not create a liberty interest in early release); Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997), cert. denied, 118 S.Ct. 1196 (1998)(rejecting inmate's claim that section 3621(e)(2)(B) creates a liberty interest). Respondent Reese argues that not only is it the expressed will of Congress to allow the BOP the discretion to reduce the sentences of nonviolent offenders, but that the denial of a reduction does not give rise to a dramatic departure from the basic conditions of a prisoner's sentence or otherwise impose an atypical and significant deprivation essential to a finding of a protected liberty interest. Sandin v. Connor, 515 U.S. 472, 483 (1995)(the denial of a sentence reduction works no "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" nor a "major disruption in his environment"). See also, Jacks v. Crabtree, 114 F.3d at 986 n.4 (not only is § 3621(e)(2)(B) written in nonmandatory language, but denial of the one-year reduction does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and the denial of a sentence reduction merely means that an inmate must serve the sentence as imposed).

In addition, the Court notes that the Constitution itself does not afford Petitioner Hartland a liberty interest in a sentence reduction, as it is well established that an inmate has no constitutional or inherent liberty interest in

being released prior to the expiration of a valid sentence. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979).

The Court concludes and recommends, for the reasons set forth herein, that Petitioner David Hartland's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be denied, and the matter dismissed with prejudice.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) The caption of this matter be amended to eliminate Respondent Kathleen Hawk, Director of the Federal Bureau of Prisons, and Constance Reese remain as the sole and proper party Respondent; and

2) Petitioner David Hartland's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AND THE CASE DISMISSED WITH PREJUDICE**.

Dated: May 1, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under Fed. R. Civ. P. 72 and D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **MAY 15, 2001**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.