**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David Russell Hartland, sued as
David R. Hartland,

Petitioner,

v.

Kathleen Hawk, Director of BOP, and
Constance C. Reese, sued as C. Reese,
Warden,

Respondent.

Civil No. 00-2158 (DWF/SRN)

**ORDER AND MEMORANDUM**

---

David R. Hartland, Pro Se, Federal Medical Center, Box 4000, Rochester, MN 55903, Petitioner.

Richard A. Newberry, Jr., Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Respondent.

---

This matter is before the Court upon Petitioner's objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated May 1, 2001, recommending that the caption of this matter be amended to eliminate Respondent Kathleen Hawk, Director of the Federal Bureau of Prisons, that Constance Reese remain as the sole and proper party Respondent, that Petitioner David Hartland's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, be denied, and the case be dismissed with prejudice. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court having reviewed the arguments and submissions of the parties, including the brief of the Petitioner, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

FILED MAY 31 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD MAY 31 2001
DEPUTY CLERK

**ORDER**

1. Magistrate Judge Susan Richard Nelson's Report and Recommendation dated May 1, 2001 (Doc. No. 9), is **ADOPTED**.

2. The caption of this matter is amended to eliminate Respondent Kathleen Hawk, Director of the Federal Bureau of Prisons, and such that Constance C. Reese shall remain as the sole and proper party Respondent.

3. Petition David Hartland's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED** and the case is hereby **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 31, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Magistrate Judge Susan Richard Nelson's conclusions with respect to Minn. Stat. § 609.165 and her conclusions with respect to the Bureau of Prisons' ("BOP") decision to consider Petitioner's felony conviction for assault in the second degree in 1989 when evaluating his eligibility for early release are not inconsistent with any decision reached by the Eighth Circuit Court of Appeals.

Minn. Stat. § 609.165, which Petitioner quotes and requotes to support his decision that the Magistrate Judge and the BOP were both in error when they considered his 1989 conviction for assault in the second degree, states, in pertinent part, as follows:

> Subdivision 1. **Restoration.** When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and

> hold office, **the same as if such conviction had not taken place**, and the order of discharge shall so provide.

Minn. Stat. § 609.165, subd. 1 (2000) (emphasis added).

The language, "the same as if such conviction had not taken place," is set forth in the context of regaining all civil rights and full rights of citizenship, including the full right to vote and to hold office. Thus, while it may be true, as Petitioner suggests, that Petitioner has never alleged that the 1989 conviction for assault in the second degree has been expunged, the argument of the Petitioner treats the restoration of civil rights as if it were an expungement, and it is not. As the Magistrate Judge points out at page 11 of her Report and Recommendation, there is no question that Petitioner's conviction for assault in the second degree remains a part of his record and, to that extent, it was and is appropriately considered by the BOP in determining whether the Petitioner is eligible for early release.

The only situation under which Petitioner's prior convictions would be irrelevant in determining whether the Petitioner or a similarly situated inmate was eligible for early release would be if the conviction had been expunged.

The Petitioner has had his civil rights restored to him, including the rights of full citizenship, with a full right to vote and hold office, the same as if such conviction had not taken place. Such restoration is not tantamount to an expungement of the record such that the BOP or another similarly situated agency would be legally obliged to either ignore or pretend that the Petitioner did not have a prior conviction--in this case, for assault in the second degree.

Congress gave the BOP discretion to determine which inmates would be eligible for early release. The BOP's discretion was enabled though the creation of codified rules which include consideration of the inmate's current offense as well as an inmate's history, including prior

convictions. The fact that a Minnesota statute, namely section 609.165, has restored the Petitioner's civil rights, does not prohibit the BOP from considering the prior conviction in reaching its decision on the eligibility of an inmate for early release.

Petitioner cites *Larson v. United States*, 995 F. Supp. 969 (D. Minn. 1997), for the proposition that the Eighth Circuit Court of Appeals has so broadly interpreted Minn. Stat. § 609.165 that it clearly means the conviction should be treated as though "the conviction had not taken place." That is true when discussing a restoration of civil rights. There is nothing in the *Larson* holding or Minn. Stat. § 609.165 that prohibits the BOP from considering Petitioner's prior assault in the second degree conviction from 1989. The situations are clearly distinguishable.

The Court does not need to reach the issue of whether Petitioner's civil rights were restored in all respects consistent with Minnesota Statute § 609.165 with respect to his 1989 felony assault conviction. The Court assumes that those rights were restored for purposes of this decision.

For the reasons stated, the Court has adopted the Report and Recommendation of Magistrate Judge Susan Richard Nelson.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE MAY 31 2001

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995